No. 21,234.

CLARA S. SIPE, *Appellee*, v. JOHN B. SIPE, *Appellant*.

SYLLABUS BY THE COURT.

BENEFIT INSURANCE—*Ineffective Attempt to Change Beneficiary—Rights of New Beneficiary*. Where a change of beneficiary in a certificate issued by a mutual benefit association has been attempted, but is ineffective because of a prior contract against it, the person named as the new beneficiary is entitled to be reimbursed out of the proceeds of the certificate on account of assessments paid by him after such change, but not on account of payments made theretofore.

OPINION DENYING A REHEARING.

Appeal from Jewell district court; RICHARD M. PICKLER, judge. Opinion denying a rehearing filed June 8, 1918. (For original opinion of affirmance see 102 Kan. 742.)

*Park B. Pulsifer, Charles L. Hunt,* and *Clyde L. Short,* all of Concordia, for the appellant.

*R. W. Turner,* and *D. F. Stanley,* both of Mankato, for the appellee.

The opinion of the court was delivered by

MASON, J.: In this case it was held that the wife of a member of a fraternal beneficiary association, by an agreement with her husband which was carried out on her part, had acquired a vested right in his certificate in which she was named as beneficiary, so that, notwithstanding a subsequent attempted

change, she was entitled to its proceeds upon his death. In a petition for a rehearing it is said that this court overlooked and disregarded the effect of a by-law providing that "any agreement entered into by a member not to change his beneficiary, shall be null and void." It is true that the abstract shows the existence of such a by-law, but we are unable to discover any reference to it in the brief. In that situation we cannot regard its effect as fairly involved in the case. Possibly this provision is one which the association could waive even after the death of the member, and which it may be regarded as having waived by the payment of the money into court for such disposition as should be found just as between the conflictory payment, although by the weight of authority the rule is otherwise as to by-laws regulating the manner of effecting a change of beneficiary. (19 R. C. L. 1297, 1298.) But as the question has not been argued here, and presumably was not passed upon by the district court, we do not regard it as before us for decision.

The petition for a rehearing suggests that the appellant should at least be allowed the amount of the assessments paid by him. We think that so far as concerns payments made before the attempted change of beneficiary he has no legal claim for reimbursement out of the money in the hands of the court, but that the rule is otherwise with respect to the payments made after the issuance of the new certificate naming him as beneficiary. (29 Cyc. 163.) A specific claim of that character has not been made, and the amount involved is not shown. To protect the interests of the appellant in that regard the affirmance of the judgment is made without prejudice to a right on his part to apply to the district court for reimbursement of the amount of assessments paid after the new certificate was issued.

The other grounds urged in the petition for a rehearing have been considered, but the court remains of its former opinion, and the petition is denied.